## Bentley, et al. v. Regal Block Coal Company.

(Decided February 11, 1927.)

### Appeal from Floyd Circuit Court.

Names—Plaintiff, Doing Business Under Fictitious Name in Violation of Statute, Does Not Defeat His Action on Otherwise Unobjectionable Contract (Ky. Stats., Section 199b).—Claim that plaintiff was doing business under fictitious name, without certificate required by Ky. Stats., section 199b, is no defense to suit on otherwise unobjectionable contract.

A. J. MAY, ED. L. ALLEN and W. P. MAYO for appellants.

J. C. HOPKINS and HARMAN, FRANCIS & HOBSON for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

This is the second appeal in this case. The opinion in the first appeal may be found in 204 Ky. at page 66, 263 S. W. 683. On the return of the case to the circuit

court, the appellee over the appellants' objection filed an amended answer, in which it pleaded that appellants had at all the times involved in this litigation been doing business under a fictitious name, without having filed the certificate called for by section 199b of the statutes. The appellee relied on this failure as a bar to appellants' suit. Appellants demurred to this amended answer. Their demurrer being overruled, they filed a reply, admitting their failure to file the certificate, and attempting to plead an estoppel against the appellee's relying on that failure as a defense to this suit. A demurrer was sustained to this reply, and, the appellants declining to plead further, their suit was dismissed, and they have appealed.

Appellants' ground for reversal is that the appellee had no right to file its amended answer at the late stage of this litigation it did. However, we need not decide that point, for, since the trial court overruled appellants' demurrer to that answer, in accordance with the rule of Hunter v. Big Four Auto Co., 162 Ky. 778, 173 S. W. 120, L. R. A. 1915D, 987, this court has overruled the Hunter case. Hayes v. Providence Citizens' Bank & Trust Co., 218 Ky. 128, 290 S. W. 1028. In the Hayes case we held that a failure to file the certificate called for by section 199b of the statutes did not preclude one doing business under a fictitious name from recovering on one's otherwise unobjectionable contracts, entered into in the course of that business. It results, therefore, that the amended answer of the appellee presents no defense to appellants' cause of action, and appellants' demurrer thereto should be sustained.

Judgment reversed, for proceedings consistent with this opinion.